UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FRANK SCHOWACHERT,<br><br>Plaintiff,<br><br>v.<br><br>KELLEY SANTORO, et al.,<br><br>Defendants. | Case No. 1:21-cv-01104-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED AS DUPLICATIVE OF CASE NOS. 1:21-cv-00947-GSA AND 1:21-cv-00975-HBK AND PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED AS MOOT<br><br>(ECF Nos. 1, 2)<br><br>FOURTEEN (14) DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS CASE |

Plaintiff John Paul Frank Schowachert ("Plaintiff") is proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. On July 21, 2021, Plaintiff filed the complaint commencing this action along with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.) For the following reasons, the Court recommends that this action be dismissed as duplicative of *Schowachert v. Santoro, et al.*, Case No. 1:21-cv-00947-GSA ("*Schowachert* I") and *Schowachert v. Sorano, et al.*, Case No. 1:21-cv-00975-HBK ("*Schowachert* II") and that the motion to proceed *in forma pauperis* be denied as moot.

1

**I.   LEGAL STANDARD**

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion."[1] *Adams*, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; s*ee also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.

**II.   DISCUSSION**

Plaintiff has several civil rights cases pending in this District. In relevant part, Plaintiff filed the complaint in *Schowachert* I on May 13, 2021, along with a motion to proceed *in forma pauperis*. (*Schowachert* I, Case No. 1:21-cv-00947-GSA, ECF Nos. 1-2.) The complaint names

---

[1] The primary difference between dismissing a case as duplicative and dismissing a case under the doctrine of claim preclusion is that a final judgment need *not* have been entered to dismiss a case as duplicative while claim preclusion requires a final judgment on the merits. *Cook v. C.R. England, Inc.*, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012). A final judgment has not been entered in *Schowachert v. Santoro, et al.*, Case No. 1:21-cv-00947-GSA or *Schowachert v. Sorano, et al.*, Case No. 1:21-cv-00975-HBK. Accordingly, the Court does not apply the doctrine of claim preclusion.

2

1    the following defendants: (1) Kelley Santoro, Warden Representative at Kern Valley State Prison
2    ("KVSP"); (2) Tapia, Floor Officer at KVSP; and (3) Danzart, Prisoner Mack Rep Cops Enforcer
3    at KVSP. (*Id* at ECF No. 1.) The case was originally filed in the Sacramento Division and was
4    transferred to the Fresno Division on June 17, 2021. (*Id.* at ECF No. 4.) On June 28, 2021,
5    Magistrate Judge Gary A. Austin issued an order directing Plaintiff to submit a signed motion to
6    proceed *in forma pauperis* or pay the filing fee within thirty (30) days. (*Id.* at ECF No. 6.)

7          Plaintiff filed the complaint and a motion to proceed *in forma pauperis* in *Schowachert* II
8    on June 16, 2021. (*Schowachert* II, Case No. 1:21-cv-00975-HBK, ECF Nos. 1-2.) The complaint
9    in *Schowachert* II names the following defendants: (1) Tapia, D4 Floor Officer at KVSP; (2)
10   Woods, Dentist at KVSP; (3) Kelley Sorano, Warden at KVSP; and (4) Danzart, Mack Rep Cops
11   Enforcer at KVSP. (*Id.* at ECF No. 1.) *Schowachert* II was also originally filed in the Sacramento
12   Division and was transferred to the Fresno Division on June 21, 2021. (*Id.* at ECF No. 4.) On
13   June 24, 2021, Magistrate Judge Helena M. Barch-Kuchta entered an order granting Plaintiff's
14   motion to proceed *in forma pauperis*. (*Id.* at 8.)

15         Plaintiff filed this case on July 21, 2021, along with a motion to proceed *in forma*
16   *pauperis*. (ECF Nos. 1-2.) Plaintiff's complaint names the following defendants: (1) Kelley
17   Santoro, Warden at KVSP; (2) Woods, Dentist at KVSP; and (3) Tapia, Floor Officer at KVSP.
18   (*Id*. at 2.)

19         In this case, as well as in *Schowachert* I and *Schowachert* II, Plaintiff alleges that
20   Defendant Tapia had the "mack rep" Danzart beat and rob Plaintiff in retaliation for writing him
21   up.[2] (ECF No. 1 at 3-4; *Schowachert* I, ECF No. 1 at 3; *Schowachert* II, ECF No. 1 at 3.) In this
22   case and in *Schowachert* II, Plaintiff alleges that Defendant Santoro[3] is responsible for allowing

---

[2] In his complaint in this case, Plaintiff alleges that he had a seizure, an unidentified individual told whites that Plaintiff sold his cane as weapon stock to Mexican gang members, and told whites that it was Plaintiff's fault that they were stripped of extra belongings. (ECF No. 1 at 4.) These appear to be additional factual allegations in support of Plaintiff's claims against Tapia and/or Danzart for beating and robbing Plaintiff in retaliation for "writ[ing] up" Tapia. To the extent Plaintiff wishes to include additional factual allegations in support of his claims, he should file an appropriate request to amend or supplement the complaint in his original case rather than filing additional new cases.

[3] In *Schowachert* II, Plaintiff identifies Kelley Sorano while in this case he identifies Kelley Santoro, but describes her as the warden at KVSP in both complaints.

3

officers to torture and retaliate against ADA prisoners. (ECF No. 1 at 3; *Schowachert* II, ECF No. 1 at 4.) In this case and in *Schowachert* I, Plaintiff alleges Defendant Woods destroyed Plaintiff's teeth by excessive grinding. (ECF No. 1 at 4; *Schowachert* I, ECF No. 1 at 4.) In comparing the three complaints, "it is clear that the . . . actions share a common transaction nucleus of facts." *Adams*, 487 F.3d at 689.

Additionally, all of the defendants named in this case are also named *Schowachert* II. Two out of the three defendants named in this case and in *Schowachert* II are also named in *Schowachert* I. Likewise, in all three cases, Plaintiff requests relief in the form of return of the property taken from him as well as monetary damages.[4]

Based on the foregoing, the Court finds that the claims, relief sought, and parties to this action and to *Schowachert* I and *Schowachert* II are the same. The instant case is therefore duplicative of *Schowachert* I and *Schowachert* II. Further, all three cases are in early stages and have not yet been screened. Thus, weighing the equities, the Court recommends that this case be dismissed.

**III.    CONCLUSION, ORDER, AND RECOMMENDATIONS**

Accordingly, the Clerk of Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1.  This action be dismissed as duplicative of *Schowachert v. Santoro, et al.*, Case No. 1:21-cv-00947-GSA and *Schowachert v. Sorano, et al.*, Case No. 1:21-cv-00975-HBK;

2.  Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be denied as moot; and

3.  The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B). Within fourteen (14) days

---

[4] In *Schowachert* II, Plaintiff also requests that charges be brought against officers who violated the ADA and willingly assisted in torture against the disabled.

after service of the findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 22, 2021**              /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE